# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD THIVENER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-238 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ANDREW NERO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant Coppolo's Motion to Dismiss (Doc. 23) will be granted, and Defendants Largey, Nero, Nicklas and Pistner's Motion to Dismiss (Doc. 27) will be granted in part and denied in part, as described below.

In this civil right lawsuit, Plaintiff seeks redress from Defendants based on his criminal prosecution after his wife's death. After twenty months of pretrial detention, Plaintiff prevailed on his suppression motion and the criminal charges against him were dismissed. Plaintiff then filed this lawsuit alleging that—despite lack of evidence of a crime—Defendants decided that Plaintiff had killed his wife and embarked on a campaign to charge and convict him.

In seeking dismissal of the malicious prosecution claims against him, Coppolo—who was the DA in Plaintiff's criminal case—contends that he is entitled to absolute prosecutorial immunity under both federal and state law. Plaintiff concedes as much, but argues that the current standards for prosecutorial immunity should be reconsidered. To the extent Plaintiff invites the Court to ignore binding precedent, the Court is not so inclined and Plaintiff's claims against Defendant Coppolo will be dismissed.

Plaintiff's Fourth Amendment claim premised on the warrant applications submitted by Largey also is untenable. Plaintiff's contention that the underlying affidavits contain "absolutely

no quantum of specific facts from which any magistrate could have properly inferred probable cause that evidence of a crime would have been found in [Plaintiff's] blood or in his medical records[,]" Pl.'s Opp'n Br. (Doc. 29) at 9, lacks merit.  Largey's affidavits easily meet the requisite minimal standard.[1]  *See* Kitko v. Young, 575 F. App'x 21, 25 (3d Cir. 2014) ("Our role is limited to ensuring that the magistrate had a substantial basis for concluding that the affidavit supporting the warrant established probable cause, confining our review to the facts that were before the magistrate judge, *i.e.*, the affidavit, and ignoring information from other portions of the record.").

Dismissal also is warranted on Plaintiff's Fourth Amendment claim as to the search warrants obtained by Nero on July 28 and July 30, 2020.  Plaintiff claims that the underlying affidavits contain false statements and material omissions.  Even assuming that Nero, with at least a reckless disregard for the truth, made the false statements or omissions identified by Plaintiff, the reconstructed affidavits with the alleged false statements excluded and the alleged omissions included, *see* Defs.' Br. (Doc. 28) at 14 (summarizing the information that would be included in a reconstructed affidavit), provide ample factual basis to support a probable cause finding.[2]

---

[1] The affidavits state that based on the relatively young age of Plaintiff's wife, coupled with the absence of any known medical conditions that could have contributed to her death, her death likely was a homicide or a suicide.  The warrant affidavit for Plaintiff's blood samples provides that the blood would corroborate the coroner's findings as to whether the death of Plaintiff's wife was a homicide or suicide, and if a suicide by overdose, would support charges of causing or aiding suicide.  And the warrant affidavit for Plaintiff's medical records—including his statements to hospital personnel and the identities of those to whom he made such statements—states that those records would likewise corroborate the cause and means of death as well as related criminal charges.

[2] Plaintiff's responsive briefing is silent in this regard, and Nero's challenge is, in essence, unrebutted.

Plaintiff's Fourth Amendment claim against Nero regarding the September 11, 2020 search warrant, however, will not be dismissed. Plaintiff alleges that as of August 1, 2020, Nero was aware of the coroner's findings that it was scientifically impossible that the death of Plaintiff's wife was due to a drug overdose or physical suffocation. Second Am. Compl. (Doc. 22) at ¶ 33. Yet, Nero did not include those findings in his affidavit. Because this information eviscerates the espoused theory of the case, a reconstructed affidavit would not support a probable cause determination.[3]

Plaintiff also plausibly has alleged that Defendants McManus, Nero and Pistner coerced him into an involuntary confession. Although Nero and Pistner contend that Plaintiff failed to sufficiently allege their personal involvement, the Court sees little benefit to dismissing this claim (subject, of course, to the opportunity for curative amendment) and demanding Plaintiff to put a finer point on things. Plaintiff, generally, has made sufficient allegations of personal involvement as to Nero and Pistner.[4]

Tangentially, because the criminal proceeding against Plaintiff was dismissed prior to trial and because his confession was suppressed, Plaintiff has failed to allege a violation of his Fifth Amendment right against self-incrimination. *See* Chavez v. Martinez, 538 U.S. 760, 767 (2003) ("The privilege against self-incrimination guaranteed by the Fifth Amendment is a

---

[3] Defendants' qualified immunity analysis for this claim as well as for the claim regarding the coerced confession, does not address the fact that they were all aware of the coroner's findings. Accordingly, the Court cannot conclude that they are entitled to qualified immunity.

[4] *See, e.g.*, Second Am. Compl. ¶ 112 ("Nero called Plaintiff on the telephone and told him that personal items were available to be picked up in a ruse to induce Plaintiff to come to the police department so Defendants Nero, McManus and Pistner could surprise him and procure a statement to use as a confession[.]"); *id.* ¶ 133 ("Subsequent to Plaintiff's arrest . . . Pistner continued to interrogate Plaintiff . . . falsely asserting that the police 'knew' he had poisoned his wife with something else other than Ativan[.]).

fundamental trial right of criminal defendants. Although conduct by law enforcement officials prior to trial may ultimately impair that right, a constitutional violation occurs only at trial."

Finally, dismissal of Plaintiff's *Monell* claim also is warranted. Plaintiff does not attempt to identify prior, similar incidents revealing a pattern of constitutional violations. Instead, he appears to rely on the "single incident" theory, *i.e.*, his own treatment. While such a theory is tenable in some circumstances, it is not here. Plaintiff has failed to claim that his alleged mistreatment "was caused by an existing, unconstitutional [government] policy, which policy can be attributed to a . . . policymaker." Wood v. Williams, 568 F. App'x 100, 105–06 (3d Cir. 2014).

Nor are Plaintiff's allegations of a type where there is an obvious "likelihood that the situation will recur," resulting in "predictability that an officer lacking specific tools to handle [the] situation will violate citizens' rights." Thomas v. Cumberland Cty., 749 F.3d 217, 223–24 (3d Cir. 2014) (citation to quoted source omitted) (discussing various scenarios distinguishable from the instant case). In sum, Plaintiff has failed to assert viable a *Monell* claim, and there is no reason to believe that the deficiency may be cured by amendment.

Consistent with the foregoing, Defendant Coppolo's Motion to Dismiss (**Doc. 23**) is **GRANTED** and Counts XVI & XVII are **DISMISSED**, and Defendants Largey, Nero, Nicklas and Pistner's Motion to Dismiss (**Doc. 27**) is **GRANTED** as to Counts V, VI, VII, VIII, XI & XIV and **DENIED** as to Counts IX & X.

IT IS SO ORDERED.

June 30, 2023                                        s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge

cc (via ECF email notification):
All Counsel of Record